## Commonwealth v. MacMillan

*David Acker,* assistant district attorney, for the Commonwealth of Pennsylvania.
*David Whitney,* for defendant.

FINK, *P.J.,* March 20, 1984 — Defendant was arrested for speeding in Harrison Township by a local police officer for said township while traveling on a State highway. The arresting officer testified that the defendant was going 63 miles per hour through a speed zone where the posted speed limit was 35 miles per hour. The officer determined the speed of the defendant vehicle through the use of VASCAR-plus which, essentially, involved timing of the vehicle through a pre-determined distance. The township had no signs warning a motorist of the use of VASCAR within that area or Township nor had the township passed any ordinance allowing said use.

At the outset, this court would like to render the opinion that a very good salesman for the manufacturer of the VASCAR industries apparently sold somebody from the Department of Transportation, Bureau of Traffic Safety Operations on the validity of VASCAR. After hearing the testimony as to its

use, this court is prompted to seriously question its validity on the theory that the results are only as accurate as the ability of the user of the instrument. The foregoing, however, is the result of judicial license and is not here relevant.

Defendant has raised the singular issue of the validity of the arrest and admissibility of evidence by the police officer who used VASCAR in light of the fact that the Township had not passed a local ordinance and, therefore, any use of VASCAR was not authorized and, thus, invalid under appropriate sections of the Motor Vehicle Code. The same issues have been raised numerous times at the trial court levels but none have been appealed so that we do not have the benefit of an Appellate Court pronouncement on the issue. Counties of Lycoming, Lehigh and Dauphin and others have supported convictions notwithstanding the absence of posted signs and ordinances. On the other side of the fence stands Cambria County, Carbon County, and others.

This issue is not to be decided by this court based upon the number of trial courts on one side as opposed to the other or should we think of the capabilities of one trial judge as opposed to another. We look first to the statute itself as the issue would appear to be determined based solely on an interpretation of the appropriate sections of the statute. We first look to the heading of the particular Part of the Vehicle Code (V) entitled "Administration and Enforcement". Chapter 61 here deemed to be the appropriate chapter is entitled "Powers of Department and Local Authorities" and thereunder we go to Section 6102 (b) which refers to "Powers and duties of local authorities" and states that:

"Local authorities may exercise the powers granted in this chapter *only* by duly enacted ordinances of their governing bodies."

We next go to Section 6109 entitled "Specific powers of department and local authorities". Subsection (a) under this section is entitled "Enumeration of police powers" and states in part that:

"The provisions of this title shall not be deemed to prevent . . . local authorities . . . from the reasonable exercise of their police powers. The following are presumed to be reasonable exercises of police power:"

and Sub-paragraph (11) of 6109 (a) refers to:

"Enforcement of speed restrictions . . .".

It is this court's view that we here have, as seen on so many other occasions, another in a long series of legislative bungling. We are given certain legal guidelines to use in attempting to construe legislative intendment, both by common law and by the Statutory Construction Act. The legislature, however, appears to hide their intent so well that the flip of a coin would probably be as good as anything else in determining what was on the collective legislative mind when passing any particular piece of legislation.

Here defendant contends that because a Township failed to pass a particular ordinance allowing the officer to use VASCAR in determining speed of a vehicle at any given time, the speeding arrest is invalid. Counsel for defense bases this on the Statute above mentioned. Trial judges are asked to seek to determine legislative intent in interpreting statutes. We must assume that the legislative intent was to pass a statute for a particular reason or purpose. If the statute were construed as contended by defendant there would be absolutely no correlation between the passage of such an ordinance and the method used to enforce speeding regulations in the Township. Although the defendant did not raise the issue of no signs being posted announcing that

VASCAR was being used in the particular area, as one trial judge stated, to contend that such is the legislative mandate would be to say that there should be a sign on each side of a stationed policeman along the highway warning the oncoming motorist of the precise location of the speed enforcement officer.

As the reader may have observed by virtue of the above comments of this court, we have little faith in our Legislature, but, on the other hand we do not believe that our Legislature would pass such a statute. Furthermore, looking at the specific wording of 6102 (b), we observe that that refers to "the powers granted in this chapter", while 6109 refers to "reasonable exercise of police powers". We, therefore, interpret the two sections together as saying that local authorities may exercise the express or explicit powers, if any, granted specifically by this chapter only after passage of an appropriate ordinance but that would not apply to "reasonable exercises of police power" which includes proper enforcement of speed restrictions.

It, therefore, seems clear to this Court that neither Harrison Township or any other township in Pennsylvania need pass an ordinance allowing the use of VASCAR or need post signs warning of the use of VASCAR before enforcing speeding regulations in said townships.

Thus, the following

## ORDER OF COURT

And now, this March 20, 1984, defendant is hereby found guilty of traveling at a rate of 63 miles per hour in a 35 mile per hour zone, and it is directed that he pay a fine in the amount of $81.50 plus costs.